Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3427<br>02 C 4277 | **DATE** | September 15, 2003 |
| **CASE TITLE** | Sara Lee v. Daymark<br>National City Bank v. Sara Lee | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] National City Bank's motion for reconsideration of our October 16, 2002, minute order [15-1, 15-2] is denied. ENTER MEMORANDUM OPINION.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 24 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| | KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials |

02-3427.031-JCD                                            September 15, 2003

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SARA LEE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02 C 3427 |
| | ) | |
| DAYMARK GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| NATIONAL CITY BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02 C 4277 |
| | ) | |
| SARA LEE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the court is National City Bank's motion to reconsider our minute order of October 16, 2002. For the reasons explained below, the motion is denied.

This is a breach of contract case involving a "Logistics Services Management Agreement" (the "Agreement") between plaintiff Sara Lee Corporation ("Sara Lee") and defendant Daymark Group, Inc. ("Daymark"). National City Bank ("National"), which asserts that

it holds a security interest in Daymark's accounts receivable, has intervened in the Sara Lee-Daymark case, No. 02 C 3427, and has filed its own case against Sara Lee for breach of contract, No. 02 C 4277. On October 8, 2002, we held a Rule 16 conference in this case. During the conference, the parties indicated that they disagreed on the interpretation of the Agreement--specifically, about what it obligated Sara Lee to do regarding payment to Daymark for its services.

Our ruling interpreting the Agreement stated, in relevant part:

> We have reviewed the "Logistics Services Management Agreement" entered into by Sara Lee and Daymark. Our interpretation of the contract is that, regarding payments to third-party carriers and warehousemen, Sara Lee's sole obligation to Daymark is to <u>reimburse</u> Daymark for amounts actually paid by Daymark to the third parties for the transportation and storage of Sara Lee's goods. The parties may proceed on the basis of this contract interpretation.

(Minute Order, October 16, 2002.) National moves for reconsideration of that ruling. National argues that the Agreement does not state that Sara Lee's obligation is limited to charges that Daymark actually paid to third parties. Rather, National contends, the Agreement requires Sara Lee to pay Daymark's invoices for charges Daymark <u>incurred</u> but did not yet necessarily <u>pay</u>.

The relevant portions of the Agreement are as follows:

> B. Daymark will contract with all necessary common and/or contract carriers and warehousemen for the logistics services required for the Project. At its election, Sara Lee Bakery will have the ability to review

the selection of warehousemen and carriers prior to contracting by Daymark. Daymark shall not acquire title to any of the goods it contracts for shipment or storage. Daymark shall timely pay sums due to any carriers or warehousemen with which Daymark has entered into a written contract, provided that, Sara Lee Bakery timely reimburses Daymark as provided in subparagraph (F) below. . . .

F. On a weekly basis, Daymark shall invoice Sara Lee Bakery for the estimated cost of the transportation and warehousing expenses incurred by Daymark with regard to the Project. Subsequently, Daymark will on a timely basis, invoice Sara Lee Bakery for any variance between the estimated expenses and the actual expenses. . . . Sara Lee Bakery agrees that it is responsible to reimburse Daymark for all documented transportation and warehousing expenses incurred in connection with the Project, and to pay Daymark the full amount of invoices sent by Daymark to Sara Lee Bakery within twenty-five (25) days from the date of each invoice.

(National's Memorandum in Support of Motion, Ex. B, Agreement, ¶¶ 1B, 1F.)

We adhere to our view that it would be unreasonable to interpret the contract to require Sara Lee to pay Daymark for expenses that Daymark invoiced but did not actually pay to the third parties for transportation and storage. "To the extent that a contract is susceptible of two interpretations, one of which makes it fair, customary, and such as prudent persons would naturally execute, while the other makes it inequitable, unusual, or such as reasonable persons would not be likely to enter into, the interpretation which makes a rational and probable agreement must be preferred. . . . Courts will construe a contract reasonably

to avoid absurd results." Horbach v. Kaczmarek, 988 F. Supp. 1126, 1129 (N.D. Ill. 1997).

Accordingly, we will deny National's motion to reconsider as well as its motion for leave to file a motion for partial summary judgment on the basis of its argument.

## CONCLUSION

National City Bank's motions for reconsideration and for leave to file a motion for partial summary judgment are denied. We believe that the case is ripe for a summary judgment motion by Sara Lee. A status hearing is set for September 24, 2003, at 11:00 a.m., at which time a briefing schedule will be discussed.

DATE: September 15, 2003

ENTER: _____

John F. Grady, United States District Judge